FILE COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

**07 CV 10658**

SAMANTHA REEDY, on behalf of her infant son,
TYRELL REEDY,

              Plaintiff,

**COMPLAINT AND JURY DEMAND**

-against-

THE CITY OF NEW YORK, POLICE COMMISSIONER
RAYMOND KELLY, DEPUTY INSPECTOR JEFFREY
MADDREY, POLICE OFFICERS JOHN DOE #1-11,

DOCKET #

ECF CASE

              Defendants.

------------------------------------------------------------x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief for the violation of his rights secured by 42 USC §1983, §1988 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2. The claim arises from a September 30, 2006 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, assault, battery, false arrest and false imprisonment.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and

Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims are asserted.

5. The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Southern District of New York in that Defendant City of New York is located within the boundaries of the Southern District of New York.

## PARTIES

7. Plaintiff, at all times here relevant, resided in Kings County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. New York Police Commissioner Raymond Kelly ("Kelly") was at all times here relevant the Commissioner of the New York City Police Department, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers, including the other individual defendants. Kelly is sued in his individual and official capacities.

10. Commanding Officer Deputy Inspector Jeffrey Maddrey ("Maddrey") was at all times here relevant the commanding officer of the 73rd Precinct, and, as such, was a policy maker with respect to training, supervision, and discipline of NYPD officers within the precinct, including the other individual defendants. Maddrey is sued in his individual and official capacities.

11. All others individual defendants ("the officers") are employees of the NYPD, and are sued in their individual capacities.

12. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and

State of New York.

## NOTICE OF CLAIM

13. Within 90 days of the events giving rise to this claim, plaintiff filed written notice of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of that notice, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

14. On September 30, 2006, at approximately 8:30 P.M., at Mother Gaston Blvd and Sutter Avenue, Brooklyn, NY, plaintiff was helping his cousin, who had just been cut, by holding tissues on his face.

15. On September 30, 2006, plaintiff was fifteen years old.

16. Two police officers arrived shortly after Mr. Reedy's cousin had been cut.

17. An officer told Mr. Reedy to move.

18. Mr. Reedy continued to hold tissues to his cousin's face.

19. Officers then commenced assaulting, battering and subjecting Mr. Reedy to excessive force with use of weapons, including sticks, fists, and other body parts.

20. More officers arrived at Mother Gaston Blvd and Sutter Avenue.

21. Officers continued to assault, batter, and subject Mr. Reedy to excessive force with use of weapons, including sticks, fists, and other body parts.

22. Officers then unlawfully arrested Mr. Reedy without probable cause.

23. Officers put Mr. Reedy in handcuffs.

24. Mr. Reedy was conscious that he was being arrested and did not consent to his arrest.

25. Officers transported Mr. Reedy in a police car to the 73rd precinct.

26. Officers unlawfully detained Mr. Reedy at the 73rd precinct for several hours.

27. Mr. Reedy was conscious of his incarceration and did not consent to his incarceration.

28. Mr. Reedy was finally released to his mother from the 73rd precinct shortly before midnight.

29. On October 1, 2006, Mr. Reedy's mother and Mr. Reedy went to Brookdale Hospital in Brooklyn, New York, where he received treatment.

30. On October 4, 2006, Mr. Reedy returned to Brookdale Hospital.

31. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate Mr. Reedy's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against Mr. Reedy.

32. During all of the events above described, defendants acted maliciously and with intent to injure Mr. Reedy.

## DAMAGES

33. As a direct and proximate result of the acts of defendants, Mr. Reedy suffered the following injuries and damages:

    a. Violation of his rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure of his person;

    b. Violation of his right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

    c. Violation of his New York State Constitutional rights under Article 1, Section 12

4

to be free from an unreasonable search and seizure;

d. Violation of his New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

e. Physical pain and suffering;

f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

g. Loss of liberty; and

h. Attorney's and court fees.

## FIRST CAUSE OF ACTION
(42 USC § 1983)

34. The above paragraphs are here incorporated by reference.

35. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §§1983 and §§ 6 and 12 of the New York State Constitution.

36. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(MUNICIPAL AND SUPERVISORY LIABILITY)

37. The above paragraphs are here incorporated by reference.

38. The City, Kelly, and Maddrey are liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants.

39. The City, Kelly, and Maddrey knew or should have known of their employees', agents', or servants' propensity to engage in the illegal and wrongful acts detailed above.

40. The aforesaid event was not an isolated incident. The City, Kelly, and Maddrey have been aware for some time (from lawsuits, notices of claim and complaints filed with the Civilian Complaint Review Board) that many of their police officers are insufficiently trained on how to avoid the use of excessive force and on what is required to constitute probable cause for an arrest. The City, Kelly, and Maddrey are further aware, from the same sources, that NYPD officers routinely ignore the necessary predicates use of force and arrest, and that a "wall of silence" exists by which police officers assault citizens without fear of reprisal. The City, Kelly, and Maddrey fail to discipline officers for not reporting fellow officers' misconduct that they have observed, and they fail to discipline officers for making false statements to disciplinary agencies. Further, there is no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, the City, Kelly, and Maddrey have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. The City, Kelly, and Maddrey are aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City, Kelly and Maddrey have failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

41. The City, Kelly, and Maddrey have failed to take the steps to discipline, train, supervise or otherwise correct the improper, illegal conduct of the individual defendants in this and in similar cases involving misconduct.

42. The above described policies and customs demonstrated a deliberate indifference on the

6

part of policymakers of the City, Kelly, and Maddrey to the constitutional rights of persons within New York City, and were the cause of the violations of plaintiff's rights here alleged.

43. Defendants the City, Kelly, and Maddrey have damaged plaintiff by their failure to properly train, supervise, discipline, review, remove, or correct the illegal and improper acts of their employees, agents or servants in this and in similar cases involving police misconduct.

44. Plaintiff has been damaged as a result of the wrongful, negligent and illegal acts of the City, Kelly, and Maddrey.

### THIRD CAUSE OF ACTION
(ASSAULT)

45. The above paragraphs are here incorporated by reference.

46. Upon approaching, pushing, striking, kicking, and handcuffing plaintiff, defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

47. Defendants have deprived plaintiff of his civil, constitutional and statutory rights, conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983 and the New York State Constitution.

48. Plaintiff was damaged by defendants' assault.

### FOURTH CAUSE OF ACTION
(BATTERY)

49. The above paragraphs are here incorporated by reference.

50. Defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him.

51. Defendants used excessive and unnecessary force with plaintiff.

52. Defendants have deprived plaintiff of his civil, constitutional and statutory rights,

7

conspired to deprive him of such rights and are liable to plaintiff under 42 USC §1983 and the New York State Constitution.

53. Plaintiff was damaged by defendants' battery.

## FIFTH CAUSE OF ACTION
(FALSE ARREST AND ILLEGAL IMPRISONMENT)

54. The above paragraphs are here incorporated by reference.

55. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of liberty without probable cause.

56. Defendant intended to confine plaintiff.

57. Plaintiff was conscious of his confinement and did not consent to his confinement.

58. Defendants have deprived plaintiff of his civil, constitutional and statutory rights and have conspired to deprive him of such rights and are liable to plaintiff under 42 USC §§1983, New York State common law, and the New York State Constitution.

59. As a result of the false arrest, imprisonment, and deprivation of liberty, plaintiff was damaged.

## SIXTH CAUSE OF ACTION
(CONSTITUTIONAL TORT)

60. All preceding paragraphs are here incorporated by reference.

61. Defendants, acting under color of law, violated plaintiff's rights pursuant to §§6 and 12 of the New York State Constitution.

62. A damages remedy here is necessary to effectuate the purposes of §§6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under those sections.

8

## SEVENTH CAUSE OF ACTION
### (RESPONDEAT SUPERIOR)

63. The preceding paragraphs are here incorporated by reference.

64. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of New York and in furtherance of the defendant City of New York's interest.

65. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of New York, plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:   Brooklyn, New York
         November 27, 2007

TO: New York City
    Corporation Counsel Office
    100 Church Street, 4th floor
    New York, NY 10007

Respectfully submitted,

Stoll, Glickman & Bellina, LLP
By: Cynthia Conti-Cook, Esq.

9

Police Commissioner Raymond W. Kelly
1 Police Plaza
Room 1406
New York, NY 10006

Deputy Inspector Jeffrey Maddrey
73rd Precinct
1470 East New York Avenue
Brooklyn NY 11212

Bar #CC0778
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY 11217
(718) 852-3710
cynthiaconticook@gmail.com