```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/18/07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────

SAMANTHA REEDY, on behalf of her infant son,
TYRELL REEDY,

                        Plaintiff,

-v-

THE CITY OF NEW YORK, POLICE
COMMISSIONER RAYMOND KELLY, DEPUTY
INSPECTOR JEFFREY MADDREY, POLICE
OFFICERS JOHN DOE # 1-11,

                        Defendants.

No. 07 Civ. 10658 (RJS)

ORDER

RICHARD J. SULLIVAN, District Judge:

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). In reviewing the Complaint filed in this matter, the Court notes that plaintiff Samantha Reedy, on behalf of her infant son, Tyrell Reedy, asserts that she and her son are residents of Kings County, New York, and that the various named and unnamed individual defendants are police officers of the defendant City of New York assigned to the 73rd Police Precinct, located in Brooklyn, New York. The complaint indicates that the events giving rise to the underlying action occurred in connection with alleged injuries plaintiff suffered as a result of an arrest and assault by defendants in and around the 73rd Precinct. It therefore appears that all or most of the material events, documents, persons, and potential witnesses related to this action are located in the Eastern District of New York.

Although the first prong of Section 1391(b) locates venue in "a judicial district where any defendant resides," the second prong of the statute unambiguously indicates that, regardless of the defendant's residence, venue is proper in "a judicial district in which a substantial part of

the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(1)-(2). It is beyond doubt that a "substantial part of the events" giving rise to plaintiffs' claims occurred in the Eastern District of New York and, thus, that venue is also proper in that district. *See* 28 U.S.C. § 1391(b)(2). Furthermore, the Court finds that transfer of these actions promotes the interests of convenience and justice. District courts have broad discretion in evaluating these interests as they relate to the transfer of cases. *See In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir.1992) ("[M]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis."); *First City Nat'l Bank and Trust Co. v. Simmons*, 878 F.2d 76, 80 (2d Cir. 1989) ("Balancing factors of convenience is essentially an equitable task. For that reason, an ample degree of discretion is afforded to the district courts in determining a suitable forum."). Having examined the complaints in these actions, and considered the relevant factors — including plaintiff's choice of forum, the locus of the operative facts, the convenience of likely witnesses and the parties, the location of relevant documents and the relative ease of access to sources of proof, the availability of process to compel attendance of unwilling witnesses, the proposed forum's familiarity with the governing law, and trial efficiency and the interest of justice based on the totality of the circumstances, *see, e.g.*, *POSVEN, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 404 (S.D.N.Y. 2004) — the Court finds that all or most of the material events, documents, persons, and potential witnesses related to these actions are located in the Eastern District of New York, and, therefore, transfer of the actions is appropriate.

Although plaintiffs's chosen forum is the Southern District of New York, and that choice is normally accorded significant deference, it is "given less weight" where, as here, the actions' "operative facts have little connection with the chosen forum." *Frame v. Whole Foods Market,*

*Inc.*, No. 06 Civ. 7058 (DAB), 2007 WL 2815613, at *5 (S.D.N.Y. Sept. 24, 2007) (quoting *UFH Endowment, Ltd. v. Nevada Manhattan Mining, Inc.*, No. 98 Civ. 5032 (DAB), 2000 WL 1457320, at *5 (S.D.N.Y. Sept. 28, 2000)) (internal quotation marks and additional citation omitted). Moreover, the plaintiff has consented to the transfer of this action to the Eastern District of New York. (*See* Plaintiff's Letter of December 13, 2007.) Accordingly, it is hereby ORDERED that in the interest of justice, the maximum convenience to the parties and witnesses, and of the efficient management of this Court's docket, the Clerk of the Court is directed to transfer this case to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a).

SO ORDERED.

Dated:   December 18, 2007
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE